# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| CHASE EATON : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. _____ |
| : | |
| : | |
| TRANSWORLD SYSTEMS, INC; : | |
| ROOSEN VARCHETTI & OLIVER : | |
| - GA PLLC (LLC); and : | |
| LAZEGA & JOHANSON, LLC : | |
|     Defendants. : | |

COMES NOW YOUR PLAINTIFF Chase Eaton and files his Complaint for Damages against the Defendants named above and shows the following:

## Nature of the Case

1. This is an action against the Defendants for their willful, intentional, or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

2. Plaintiff brings this Complaint for Damages in his capacity as an individual consumer who has been harmed by the Defendants' actions and omissions in furtherance of their debt collection business.

3. This action rises out of the direct contact by a debt collector and/or its agents of a consumer the debt collector knew or should have known was represented by counsel.

## Parties, Jurisdiction, and Venue

4. Plaintiff is a natural person residing in Dodge County, Georgia.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(3).

6. Defendant Transworld Systems, Inc. ("Transworld") is a California corporation, with its principal place of business at 150 North Field Drive, 2 Conway Park, Suite 200, Lake Forest, IL, 60045.

7. Defendant Transworld is registered with Georgia's Secretary of State and authorized to transact business in this state.

8. Summons and Complaint may be served on Defendant Transworld by service on its registered agent, CT Corporation System, located at 289 S Culver Street, Lawrenceville, GA, 30046, in Gwinnett County, Georgia.

9. Defendant Roosen Varchetti & Olivier - GA PLLC (LLC) ("RVO") is a foreign limited liability company with its principal place of business at 3520 Piedmont Rd NE Suite 435, Atlanta, GA, 30305.

10. Defendant RVO is registered with Georgia's Secretary of State and is authorized to transact business in this state.

11. Defendant RVO is a law firm who has or currently represents one or more of the other Defendants named herein.

12. Defendant RVO is a "debt collector" as that term is defined by the FDCPA.

13. Summons and Complaint may be served on Defendant RVO by service on its registered agent, Paul Varchetti, located at 3520 Piedmont Rd NE Suite 435, Atlanta, GA, 30305.

14. Defendant Lazega & Johanson LLC ("LJ") is a Georgia limited liability company with its principal place of business at 3520 Piedmont Rd NE, Suite 415, Atlanta, GA, 30305.

15. Defendant LJ is registered with Georgia's Secretary of State and is authorized to transact business in this state.

16. Defendant LJ is a law firm who has or currently represents one or more of the other Defendants named herein.

17. Defendant LJ is a "debt collector" as that term is defined by the FDCPA.

18. Summons and Complaint may be served on Defendant LJ by service on its registered agent, Jay Lazega, located at 3520 Piedmont Rd NE Suite 415, Atlanta, GA, 30305.

19. Jurisdiction is proper as to all Defendants because this action arises from their violations of the FDCPA by virtue of mailing dunning letters to a consumer residing in this judicial district.

20. Jurisdiction is proper as to all Defendants pursuant to Georgia's Long Arm Statute as codified at O.C.G.A. § 9-10-91.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

22. All Defendants (through their agents, attorneys, and employees) used means of interstate commerce in an attempt to collect a debt from the Plaintiff including mail and telephone systems.

23. Defendants directed communications to Plaintiff using the aforementioned means of interstate commerce while Plaintiff resided in this judicial district.

24. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## Law Relevant to Plaintiff's Claims

25. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

26. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

27. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

28. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

29. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## Plaintiff's alleged debt

30. Plaintiff CHASE EATON is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay an alleged debt.

31. Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

32. On information and belief, Defendants seek to collect defaulted student loans under the guise of one of thirteen statutory trusts created after JP Morgan Chase Bank, N.A. and The First Marblehead Corporation began selling off large portfolios of student loans to National Collegiate Funding, LLC.

33. Defendant Transworld is a third party collection agency that attempts to collect debts on behalf of Defendant NCSLT and its trustees.

34. Defendant Transworld only becomes involved with the alleged debts owed to Defendants NCSLT and WTC after those alleged accounts are in default and are judged uncollectable by the servicer on the accounts, American Education Services.

35. Defendant Transworld retains lawyers and law firms to act as legal counsel for Defendant Transworld by bringing lawsuits and post-judgment actions on debts allegedly owed to one or more of the National Collegiate Student Loan Trusts.

36. Defendant Transworld instructs the lawyers and law firms it retains to file suit under the name of one of the National Collegiate Student Loan trusts.

37. Defendant LJ was hired by Defendant Transworld to collect an alleged debt from the Plaintiff.

38. Defendant LJ filed suit at Defendant Transworld's request against Plaintiff and obtained a default judgment.

39. Defendant LJ subsequently sought to garnish Plaintiff's wages at Defendant Transworld's request.

40. Prior to the filing of the garnishment action, Defendants LJ and Transworld knew or should have known Plaintiff was represented by counsel.

41. Plaintiff—through undersigned counsel—filed a traverse to Defendants' attempt to garnish Plaintiff's wages and delivered a copy of the traverse to Defendant LJ.

42. Plaintiff's traverse was received by the state court and acted upon on February 17, 2017.

43. Defendant Transworld subsequently switched law firms and retained Defendant RVO while the garnishment action was pending.

### Defendant's improper contact

44. On or about February 21, 2017, Defendant LJ mailed a Notice of Substitution of Counsel to Plaintiff in reference to the garnishment action.

45. A true and accurate copy of the Notice of Substitution of Counsel is attached hereto as Exhibit "A."

46. Defendant LJ mailed the Notice of Substitution of Counsel to the Plaintiff directly rather than to his counsel.

47. Defendant LJ knew or should have known Plaintiff was represented by counsel.

48. Defendant LJ mailed the Substitution of Counsel to Plaintiff directly in furtherance of their attempts to collect a debt on behalf of Defendant Transworld.

49. On or about February 21, 2017, Defendant RVO mailed a dunning letter to the Plaintiff.

50. A true and accurate copy of the February 21, 2017 dunning letter is attached hereto as Exhibit "B."

51. Defendant RVO knew Plaintiff was represented by counsel but mailed the February 21, 2017 dunning letter to him directly nevertheless.

52. On or about February 22, 2017, Defendant RVO mailed a second dunning letter to the Plaintiff.

53. A true and accurate copy of the February 22, 2017 dunning letter is attached hereto as Exhibit "C."

54. Defendant RVO knew Plaintiff was represented by counsel but mailed the February 22, 2017 dunning letter to him directly nevertheless.

## Plaintiff has suffered damages

55. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

56. Plaintiff has suffered actual injuries the FDCPA seeks to prevent, including mental anguish, to wit:

    a)    Plaintiff has actually been confused because of Defendants' violations of the FDCPA;

    b)    Plaintiff suffered mental distress because of Defendants' violations of the FDCPA;

    c)    Plaintiff suffered an invasion of a statutory right because of Defendants' violations of the FDCPA, and;

    d)    Plaintiff has suffered a particular injury because of Defendants' violations.

57.    Plaintiff has Article III standing to bring these claims against the Defendant.

## Count I – Violations of the FDCPA

58.    Paragraphs 1 through 57 are incorporated herein by reference.

59.    At all times relevant to this Complaint, Plaintiff was a consumer, Defendants were debt collectors, and Defendants were attempting to collect a consumer debt from the Plaintiff.

60.    By reason of the foregoing, Defendant violated the FDCPA by directly contacting a consumer Defendants knew was represented by counsel, the same being unfair and unconscionable means in furtherance of the collection of consumer debts. 15 U.S.C. §§ 1692 *et seq*.

61.  Defendants' actions were intended to cause the Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

62.  Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

63.  Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendants in an amount to be determined by the trier of fact but in excess of $250.00.

64.  Plaintiff is entitled to recover his attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## **Demand for a Jury Trial**

65.  Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $500.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 23rd day of May, 2017.

        /s/ Ronald Edward Daniels
        Ronald Edward Daniels
        Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

        ATTORNEY FOR PLAINTIFF

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA                )
                                ) ss
COUNTY OF Dodge                 )

Pursuant to 28 U.S.C. § 1746, Plaintiff Chase Eaton, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     5     ,   23   ,   2017
              Month         Day       Year

              [signature]
              Signature